**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 2417 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| LISA MADIGAN, Illinois Attorney | ) | |
| General, *et al.* | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' MOTION FOR LEAVE TO FILE**
**OVERSIZED BRIEF *INSTANTER***

NOW COME Defendants, Illinois Attorney General LISA MADIGAN, Assistant

Attorneys General JOSEPH PONSETTO and EDWARD C. CARTER, III, Illinois Prisoner

Review Board Members JORGE L. MONTES and NORMAN A. SULA, and Illinois Prisoner

Review Employee KENNETH D. TUPY, ("Defendants"), and hereby move for leave to file the

attached oversized Memorandum in support of their Motion to Dismiss *instanter*.   In support

thereof, the Defendants state as follows:

1.      Plaintiff filed a Complaint pursuant to 42 U.S.C. ' 1983 against seven

State officials in both their official and individual capacities.

2.      The Defendants have prepared the attached Memorandum in support of their

Motion to Dismiss ("Memorandum") as their responsive pleading to Plaintiff's Complaint.

(Please see Exhibit A).

3.      Due to the nature of the claims raised in Plaintiff's Complaint and the number of

Defendants in this suit, Defendants were unable to properly address in their Memorandum all of

Plaintiff's claims within the fifteen page limit imposed by Local Rule 7.1.  Consequently, the Defendants hereby seek leave to file the attached Memorandum which is nineteen (19) pages in length.

4.      In addition, the Defendants respectfully request that they be excused from filing a corresponding Table of Contents and Table of Cases as required by Local Rule 7.1.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that they be granted leave to file the attached oversized Memorandum in support of their Motion to Dismiss *instanter*.

Respectfully submitted,

June 2, 2008

LISA MADIGAN
Attorney General of Illinois

/s/ Mark Bina
MARK BINA
KATHLEEN FORD
ALLAN ABINOJA
RONALD A. RASCIA
Assistant Attorneys General
100 West Randolph Street
Chicago, Illinois 60601
(312) 814-3000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this pleading was served upon all parties of record this 2nd day of June, 2008 by electronic filing pursuant to Rule XI of the General Order On Electronic Case Filing.

/s/ Mark Bina

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 2417 |
| | ) | |
| v. | ) | Judge Zagel |
| | ) | |
| LISA MADIGAN, Illinois Attorney | ) | |
| General, *et al.* | ) | |
| | ) | |
| Defendants. | | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

NOW COME Defendants, Illinois Attorney General LISA MADIGAN, Assistant Attorneys General JOSEPH PONSETTO and EDWARD C. CARTER, III, Illinois Prisoner Review Board Members JORGE L. MONTES and NORMAN A. SULA, and Illinois Prisoner Review Employee KENNETH D. TUPY, ("Defendants"), and respectfully submit their motion to dismiss pursuant to 12(b)(1) and (6). In support thereof, the Defendants submit the following Memorandum of Law:

### I.    INTRODUCTION

On March 18, 2008, Plaintiff Victor Brooks filed a single count Complaint at Law in the Circuit Court of Cook County seeking relief, *inter alia*, under 28 U.S.C. 1983 (the "Complaint"). On April 28, 2008, the Defendants timely removed the case to federal court. The Plaintiff seeks compensatory and punitive damages against seven State officials in both their official and individual capacities.

The Plaintiff has sued Attorney General Lisa Madigan; however, there are no specific allegations directed against her in the Complaint. Similarly, the Plaintiff has sued two Assistant Attorneys General, an Illinois State Police officer, two members of the Illinois

1

Prisoner Review Board, and legal counsel to the Prisoner Review Board. The Complaint does not specifically delineate which Defendant is allegedly responsible for certain conduct and it is not organized by count or individual causes of action as required by Federal Rule of Civil Procedure 10(b)[1].

The Complaint alleges that "at least one but not all of" the Defendants, at various times, wrongfully: (1) Initiated a criminal investigation against Plaintiff. *Compl.* at ¶14; (2) Gave, provided and used false or misleading information during this criminal investigation that culminated in Plaintiff being arrested, indicted, and prosecuted. *Id.* at ¶15; (3) Gave, provided, or used false or misleading information during the Grand Jury proceedings. *Id.* at ¶16; (4) Caused Plaintiff to be arrested and deprived of his freedom and liberty. *Id.* at ¶¶19-20. Based upon Defendants' reading of the Complaint, the Plaintiff attempts to offer four main causes of action: a federal Equal Protection Clause violation, a malicious prosecution brought under either state or federal law, and two state claims (defamation and intentional infliction of emotional distress).[2]

Plaintiff further alleges that as a result of this alleged conduct, he has suffered "divers [*sic*] physical and emotional harms and injuries" such as nervousness, mental and physical anxiety, mental and physical distress, and mental and physical aches, hurts and pains." *Id.* at ¶23. The Plaintiff consequently seeks compensatory damages in excess of $1 million and punitive damages of $3 million against all Defendants in both their personal and

---

[1] Rule 10(b) provides "[e]ach claim founded upon a separate transaction or occurrence…shall be stated in a separate count…whenever a separation facilitates the clear presentation of the matters set forth."

[2] As will be discussed more fully below, the Plaintiff fails to state a claim, the Defendants assert numerous immunities to the suit, and note that the Plaintiff's claims may be barred by the statute of limitations. However, the Defendants may have certain other defenses if the Plaintiff amends his Complaint or otherwise complies with the standards of federal pleading under *Bell Atlantic v. Twombly*, 127 S.Ct. 1955 (2007).

their official capacities.  He also seeks to recover the "large sums of money" he expended

for "attorneys fees and costs of litigation" in his criminal prosecution.  *Id.* at 9, ¶27.  The

Defendants respectfully move to dismiss the Complaint under 12(b)(1) and (6) for the

reasons that follow.

## II. STANDARD FOR DISMISSAL

Under federal notice pleading standards, a complaint must describe a claim in sufficient

detail to give the defendant fair notice of what the claim is and the grounds upon which it rests,

and its allegations must plausibly suggest that the plaintiff has a right to relief.  *See Tamayo v.

Blagojevich,* __F.3d ___, 2008 WL 2168638 at *7 (7th Cir. 2008) (quoting *Equal Employment

Opportunity Commision v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 (7th Cir 2007).  In

ruling on a motion to dismiss, courts must accept as true all well-pled allegations in the

complaint, and draw all reasonable inferences in favor of the plaintiff.  *Jacobs v. City of

Chicago,* 215 F.3d 758, 765 (7th Cir. 2000).  However, the court is not constrained by the legal

characterizations placed on those allegations by the plaintiff.  *Republic Steel Corp. v. Penn.

Engineering Corp.,* 785 F. 2d 174, 183 (7th Cir. 1986).  Bare legal conclusions attached to

narrated facts will not suffice to state a claim for which relief may be granted.  *Strauss v. City of

Chicago,* 760 F.2d 765, 768 (7th Cir. 1985).  Furthermore, courts need not ignore facts set forth

in the complaint that undermine the plaintiff's legal claims, nor accept without question the

accuracy of plaintiff's legal conclusions.  *American Nurses' Ass'n v. Illinois,* 783 F.2d 716, 724

(7th Cir. 1986).

### III.   ARGUMENT

The Defendants first move to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(1) because the Court lacks subject matter jurisdiction.  The Complaint must be dismissed because the Defendants, as State officials acting in their official capacity, are not "persons" for the purposes of Section 1983.  Finally, as to Plaintiff's state law claims against the Defendants, sovereign immunity precludes any recovery against them in both their official and their individual capacities.

Dismissal is also appropriate under 12(b)(1) because the Defendants are entitled to various immunities.  First, the Defendants are absolutely immune from Plaintiff's state law claims (to the extent he asserts them in the Complaint) as a matter of law and pursuant to the public official immunity doctrine.  Moreover, the Attorney General and the Assistant Attorneys General are immune from liability as prosecutors.  Finally, Defendant Ross, an Illinois State Police investigator, is also immune for giving testimony in Plaintiff's criminal case.

The Defendants then move for dismissal pursuant to Rule 12(b)(6) because the Plaintiff fails to state a claim under federal pleading standards.  In addition to failing to state a claim generally, the Plaintiff fails to state a claim for the four apparent causes of action alluded to in the complaint:  (1) a federal Equal Protection violation; (2) a claim for Malicious Prosecution under either state or federal law; (3) a state law claim for Defamation; and (4) a state law claim for Intentional Infliction of Emotional Distress.  Lastly, Plaintiff fails to allege personal involvement (a requirement under Section 1983), and Plaintiff's Complaint is time barred by the Statute of Limitations.

A.     **Motion to Dismiss Pursuant to Rule 12(b)(1).**

    i.  **The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Claims.**

> 1.  *Defendants Are State Officials Acting in Their Official Capacity and Therefore Not "Persons" for the Purposes of Section 1983.*

A state official acting in his official capacity is not a "person" within the meaning of 42 U.S.C. § 1983.[3]  *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 70-71 (1989); *Collier v. Illinois Dept. of Human Rights*, 221 F.3d 1338 (7th Cir. 2000); *Johnson v. Supreme Court of Illinois*, 165 F.3d 1140, 1141 (7th Cir. 1999).  Here, the Plaintiff sues each Defendant in their official and personal capacities.  While it is true that state officials literally are persons, a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  *Will v. Michigan,* 491 U.S. at 71.  As such, it is no different from a suit against the State itself.  *Id.*  And because the State is a not a "person" under Section 1983, it cannot be liable under Section 1983.

Consequently, the Court must dismiss Plaintiff's federal claims against the Defendants in their official capacities because it lacks jurisdiction because Defendants are not "persons" within the meaning of Section 1983, under *Will v. Michigan.*

> 2.  *Plaintiff's State Law Claims Against the Defendants in their Official Capacity Are Barred by State Sovereign Immunity.*

In addition to the federal claims, Plaintiff's state law claims against the Defendants in their official capacities are also barred by the doctrine of state sovereign immunity.  *See Richman v. Sheahan*, 270 F.3d 430, 441 (7th Cir. 2001); *Benning v. Bd. of Regents*, 928 F.2d 775, 778-79

---

[3] Section 1983 provides as follows: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983 (emphasis added).

(7th Cir. 1991) (stating that "State rules of immunity govern actions in federal court alleging

violations of state law"). While Article XIII, Section 4 of the Illinois Constitution abolished

sovereign immunity, the General Assembly was granted the power to provide for it by law.

(Illinois Constitution, 1970, Art. XIII, sec. 4). In response, the legislature enacted the State

Lawsuit Immunity Act, 745 ILCS 5/1, which reinstated immunity to the State of Illinois in all

suits against the State, except where the State has expressly consented to be sued or where the

suit is brought under the Court of Claims Act. 745 ILCS 5/1 (2008). The purpose of sovereign

immunity is to protect the State from interference with the performance of governmental

functions and to preserve and protect State funds. *People ex. rel Manning v. Nickerson*, 184

Ill.2d 245, 248 (1998). If a judgment for a plaintiff could operate to control the actions of the

State, a Court lacks jurisdiction to entertain such an action. *Robb v. Sutton*, 147 Ill. App. 3d 710,

713 (4th Dist. 1986).

Sovereign immunity "cannot be evaded by making an action nominally one against the

servants or agents of the State when the real claim is against the State of Illinois itself and when

the State of Illinois is the party vitally interested." *Id.* quoting *Sass v. Kramer,* 72 Ill.2d 485, 491

(1978). However, the issue of whether an action is truly against the State does not depend on

the formal identification of the parties, but rather upon the issues presented and relief sought.

*Healey v. Vaupel*, 133 Ill.2d 295, 308 (1990).

Here, the Plaintiff's claims are against the Defendants in both their official and individual

capacities. The official capacity claims must also be dismissed here because the Defendants

were State employees acting pursuant to their official duties. Moreover, because this suit

involves a criminal investigation and prosecution, the State clearly would be "vitally interested"

in such matters. Plaintiff's attempt to evade sovereign immunity by suing the Defendants in their

6

official capacity therefore fails as a matter of law. *See Sass v. Kramer,* 72 Ill.2d 485, 491 (1978) (sovereign immunity "cannot be evaded by making an action nominally one against the servants or agents of the State when the real claim is against the State of Illinois itself and when the State of Illinois is the party vitally interested"). Thus, Plaintiff's state law claims against the Defendants in their official capacities must be dismissed for lack of subject matter jurisdiction.

> 3. *Plaintiff's State Law Claims Against the Defendants in their Individual Capacity Are Barred by State Sovereign Immunity.*

Since the Plaintiff is barred from suing the Defendants in their official capacities, his only other theory of recovery available is to sue the Defendants in their *individual* capacities. As noted above, sovereign immunity bars suits against the State when the state is the real party in interest. Throughout Plaintiff's Complaint, he asserts that the various Defendants engaged in conduct that allegedly caused him harm. The Complaint lumps each Defendant together and does not specify particular conduct for each Defendant. Since he does not specify what conduct is attributable to each Defendant, the Plaintiff, essentially, is merely suing the State. Simply captioning the suit as being against the Defendants individually is not dispositive of this issue. *See, e.g., Sass v. Kramer,* 72 Ill.2d 485, 491 (1978) (sovereign immunity cannot be evaded by simply naming a state employee as an individual); *Johnson v. Halloran,* 312 Ill.App.3d 695, 698 (1st Dist. 2000) ("A suit against a state employee in his individual capacity is a claim against the state when the judgment for the plaintiff could control the state's actions or subject it to liability"); *Jackson v. Alverez,* 358 Ill.App.3d 555, 559 (4th Dist. 2005) ("As a practical matter, the state acts only through its employees. Therefore, a judgment against an employee in his or her individual capacity could effectively coerce the state and frustrate the purpose of sovereign immunity...."). As such, Plaintiff's suit is essentially a claim against the State of Illinois, and

7

therefore this Court lacks subject matter jurisdiction over the Defendants in their individual

capacities as well.

  **ii. The Court Lacks Subject Matter Jurisdiction Over the Plaintiff's Claims Because Defendants Are Entitled to Various Immunities.**

    *1. The Defendants Are Entitled to Absolute Immunity From All of Plaintiff's State Law Claims.*

  Plaintiff's state law claims should also be dismissed because each of the Defendants are

entitled to absolute immunity. In *Morton v. Hartigan*, 145 Ill.App.3d 417, 422, 425 (1st Dist.

1986), the Plaintiff was an Assistant Attorney General who was terminated for "unprofessional

conduct on the job." The Plaintiff filed suit against the Attorney General and certain supervisors

for retaliatory discharge, defamation, and invasion of privacy. *Id.* The Defendants invoked the

doctrine of absolute immunity. *Id.* at 422. On appeal, the Court recognized that the Defendants

were entitled to absolute immunity and that the trial court properly dismissed the complaint. *Id.*

The Court further noted the following rationale for the absolute immunity defense: " * * * to

protect public officials from undue harassment by civil litigation for acts committed by law to

their control or supervision, and within the scope of their duties and authority." *Id.,* citing

*DeBusk v. Harvin,* 212 F.2d 143, 147 (5th Cir. 1954). Moreover, the Court noted that "the

existence of an improper motive does not overcome the assertion of an absolute privilege." *Id.*

Therefore, under *Morton*, the Plaintiff's state law claims are barred by absolute immunity –

regardless of whether Plaintiff alleges an improper motive. *See also Livas v. Petka*, 711 F.2d

798 (7th Cir. 1983) (holding that State's Attorney was entitled to absolute immunity in retaliatory

discharge case – even if the dismissal was politically motivated).

  The U.S. Supreme Court has explicitly recognized this rule as it extends to defamation

suits. A Court will grant a government official absolute immunity from civil defamation suits for

statements made within the scope of his employment. *Barr v. Matteo,* 360 U.S. 564, 570-74 (1959). Each Defendant is entitled to this immunity because it is not limited only to only to the highest ranking government officials. In *Barr*, the Supreme Court noted that the absolute immunity doctrine should not be restricted to executive officers of cabinet rank because the "complexities and magnitude of governmental activity have become so great that there must of necessity be a delegation and redelegation of authority as to many functions" which do not "become less important simply because they are exercised by officers of lower rank in the executive hierarchy." *Barr,* 360 U.S. at 573. Illinois courts have likewise held that governmental officials' statements are subject to absolute privilege when they are made within the course of the official's duties. *See Blair v. Walker*, 64 Ill. 2d 1, 7-8 (1976) (finding that the governor was protected by an absolute privilege from a civil defamation action when statements made to the press were related to matters committed to his responsibility). The Prisoner Review Board Defendants are also entitled to absolute immunity. *See Wilson v. Kelkhoff,* 86 F.3d 1438, 1445 (7th Cir.1996) (absolute immunity applicable to prisoner review board members making parole revocation decisions).

This absolute immunity, however, is not just limited to Plaintiff's apparent claim for defamation. It extends to each state law common law cause of action that the Plaintiff is attempting to assert. *See Morton*, 145 Ill.App.3d at 430, citing *In McKinney v. Whitfield,* 736 F.2d 766, 769, (D.C.Cir.1984) (recognizing that "the absolute immunity doctrine has been applied to virtually every common law tort including, but not limited to, malicious prosecution, tortious interference with business, false arrest, blackmail, fraud, and intimidation"). Thus, the Defendants are entitled to absolute immunity for Plaintiff's state law claims and the Court should dismiss the Complaint with prejudice.

2. *All Defendants are Entitled to Public Official Immunity For*
   *Plaintiff's State Law Claims.*

Illinois recognizes the doctrine of public official immunity to protect officials from

liability for good faith acts falling within their official discretion. *Larson v. Darnell*, 113

Ill.App.3d 975, 976 (3rd Dist. 1983). Consequently, the Defendants are also shielded from

liability for Plaintiff's state law claims under the Public Official Immunity doctrine. The

doctrine exists so that government officials need not fear lawsuits for actions undertaken while in

office – "suits which would consume time and energies which would otherwise be devoted to

governmental service and the threat of which might appreciably inhibit the fearless, vigorous,

and effective administration of policies of government." *Barr v. Matteo*, 360 U.S. 564, 571

(1959). That is, "government officials should not be impeded from acting in ways that they

perceive are in the public's best interest because of fears of personal liability." *Campbell v.*

*White*, 207 Ill.App.3d 541, 553 (4th Dist. 1991). To be protected, the actions must be taken

within the scope of authority of the public official and not as a result of malicious motives.

*Hicks v. Williams*, 104 Ill.App.3d 172, 177 (5th Dist. 1982), appeal denied, 91 Ill.2d 569 (1982).

An additional concern to personal financial liability is "public liability and an officer's

legitimate fear of defending his many policy choices in court." *Kelly v. Ogilvie*, 64 Ill.App.2d at

148 (1st Dist. 1965). Public official immunity is available so that a good-faith mistake in

judgment does not subject a public decision maker to suit. *Id.* at 148. As the Illinois Supreme

Court has reasoned, any other rule would be a great hardship on public officials and would

discourage citizens from seeking public employment. *McCormick v. Burt*, 95 Ill. 263, 265

(1880).

To determine whether public official immunity applies to a particular individual in a

given situation, a Court looks to the source of the duty the employee is charged with breaching in

committing the allegedly negligent act. *Currie v. Lao*, 148 Ill.2d 151, 159 (Ill. 1992). Courts will consider whether the conduct was of a "uniquely governmental function" in making this analysis. *See Id.*; *Loman v. Freeman*, ___ N.E.2d___, 2008 WL 1746680 at *5 (Ill. 2008). However, Courts have consistently held that "[w]here the charged act of negligence arose out of the State employee's breach of a duty that is imposed on him solely by virtue of his State employment, sovereign immunity will bar maintenance of the action...." *Currie*, 148 Ill.2d at 159.

Here, each Defendant is a State employee and public official who engaged in conduct unique to government. These discretionary governmental actions are *sui generis*. An individual cannot take these actions on their own volition without the State's "uniquely governmental function" providing the basis for the action. Moreover, each of these "uniquely governmental function[s]" involve discretionary actions. *See, e.g., Malley v. Briggs,* 475 U.S. 335, 341-42 (1986) (prosecutor seeking indictment before a Grand Jury involves discretionary judgment); *Anderson v. Creighton,* 483 U.S. 635, 638 (1987) (police officer's discretionary functions includes filing for a warrant with the belief that there was probable cause to support the application); *People v. Jarrett*, 372 Ill.App.3d 344, 352 (1st Dist. 2007) (Prisoner Review Board functions are discretionary). Thus, the Defendant's are entitled to public official immunity for their discretionary functions relative to Plaintiff's allegations.

### 3. The Attorney General and the Assistant Attorneys General, as prosecutors, are immune from liability.

The Attorney General and the Assistant Attorneys General ("AAsG") Defendants are entitled to absolute immunity for their conduct as prosecutors. Immunity is proper in those cases where the conduct is "intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Thus, in initiating a prosecution and presenting

the State's case, a prosecutor is immune from suit for damages under Section 1983. *Id.* at 431.

However, this rule has been clarified to extend only where the prosecutor is acting as an

"advocate." *Buckley v. Fitzsimmons*, 509 U.S. 259, 274 (1993). Consequently actions such as

"professional evaluation of evidence assembled by police" are absolutely protected since it is

done in anticipation of judicial proceedings. Investigations or administrative conduct, on the

other hand, are not entitled to absolute immunity. *Anderson v. Simon*, 217 F.3d 472, 475 (7th

Cir. 2000) (Qualified immunity is appropriate where the prosecutor's actions are less closely

associated with the judicial phase).

The decision whether to actually prosecute or not prosecute a defendant is wholly

protected by absolute immunity – even if that decision was made maliciously, unreasonably,

without probable cause, or even on a basis of false testimony. *Smith*, 346 F.3d at 740. Here, the

Plaintiff does not appear to make an allegation that the AAsG acted in an investigatory capacity.

Therefore, it must be assumed that Plaintiff's claims against the AAsG are based solely on their

prosecutorial capacity and the AAsG are entitled to absolute immunity as to all claims.

#### 4. *Defendant Ross is Absolutely Immune for His Testimony At the Grand Jury and at Trial.*

Defendant Ross is also immune from liability to the extent it involves his testimony at the

Grand Jury or at trial. The Seventh Circuit has clearly established that police officers testifying

before a grand jury are entitled to absolute immunity. *Curtis v. Bembenek*, 48 F.3d 281, 284 (7th

Cir.1995); *Kincaid v. Eberle*, 712 F.2d 1023, 1023-24 (7th Cir. 1983), *cert. denied*, 464 U.S.

1018 (1983). This immunity protects officers from suits under 42 U.S.C. § 1983 for giving false

grand jury testimony to the damage of potential plaintiffs. *Id.* A police officer is also entitled to

immunity for withholding exculpatory evidence from the grand jury. *See Bernal v. Shifflet*, 1995

WL 549038 * 4 (N.D. Ill. 1995) ("[w]ith respect to [plaintiff's] § 1983 claim that

12

defendant...knowingly failed to provide exculpatory testimony to the grand jury, [defendant] is absolutely immune from suit).

The Seventh Circuit identified the policies underlying testimonial immunity as follows: "Whether testifying at trial or in a pretrial proceeding, a witness who knows he may be subjected to costly and time-consuming civil litigation for offering testimony that he is unable to substantiate may consciously or otherwise shade his testimony in such a way as to limit potential liability." Because of such tendencies to shade testimony, witness immunity is accorded to encourage full disclosure as a means of ascertaining the truth. *Curtis*, 48 F.3d at 285 (quoting *Holt v. Casteneda*, 832 F.2d 123, 125 (9th Cir.1987)) (citations omitted). Indeed, these policy considerations are accorded greater weight, and, consequently, the argument for absolute immunity is stronger, in the grand jury setting than in the trial setting, "because false testimony before the grand jury is less harmful than false testimony at trial; the grand jury can indict, but cannot convict." *Kincaid*, 712 F.2d at 1024. *Curtis*, 48 F.3d at 285 (quoting *Holt v. Casteneda*, 832 F.2d 123, 125 (9th Cir.1987)) (citations omitted).

Moreover, *Briscoe v. LaHue,* 460 U.S. 325 (1983) provides that even a witness at trial has absolute immunity from suit under Section 1983 for giving false testimony damaging to a subject of that testimony. Like the court in *Kincaid,* the court in *Briscoe* was also concerned that subjecting public officials to Section 1983 liability for their trial testimony "might undermine...their contribution to the judicial process." *Id.* at 343. Therefore, because Defendant Ross is entitled to absolute immunity for his testimony before the grand jury proceeding and at trial, Plaintiff's claims against him must be dismissed.

**B.**    **Motion to Dismiss Pursuant to Rule 12(b)(6).**

           i.  Plaintiff Fails to State a Claim Under *Bell Atlantic*

      To state a claim under federal notice pleading standards, a complaint must set for a "short

and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a)(2).  A plaintiff must provide "enough detail to give the defendant fair notice of what the

claim is and the grounds upon which it rests, and, through his allegations, show that it is

plausible, rather than merely speculative, that he is entitled to relief." *Tamayo v. Blagojevich*,

07-2975, 2008 WL 2168638 at *12 (7th Cir. 2008) (quotation and citation references omitted);

*see also EEOC v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting*

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).  Plaintiff's allegations must

therefore plausibly suggest a right to the relief which raises a possibility above a "speculative

level." *Bell Atlantic*, 127 S.Ct. at 1965, 1973 n. 14.  "Although this does 'not require heightened

fact pleading of specifics,' it does require the complaint to contain 'enough facts to state a claim

to relief that is plausible on its face.'" *Killingsworth v. HSBC Bank Nevada,* 507 F.3d 614, 618

(7th Cir. 2007), *quoting Bell Atlantic*, 127 S.Ct. at 1974.

      How many facts are enough will depend on the type of case.  *Limestone*

*Development Corp. v. Village of Lemont,* 520 F.3d 797, 803-804 (7th Cir. 2008).  "In a

complex antitrust or RICO case a fuller set of factual allegations than found in the sample

complaints in the civil rules' Appendix of Forms may be necessary to show that the

plaintiff's claim is not "largely groundless." *Id.,* citing *Phillips v. County of Allegheny,* 515

F.3d 224, 231-32 (3d Cir.2008). "If discovery is likely to be more than usually costly, the

complaint must include as much factual detail and argument as may be required to show that

the plaintiff has a plausible claim." *Id.*

Plaintiff's complaint seeks damages against seven State officials. The Complaint does not, however, specifically outline which Defendant is allegedly responsible for certain conduct and does not set out individual causes of action. Based upon Defendants' reading of the Complaint, the Plaintiff attempts to offer four main causes of action: two federal claims (A Section 1983 action for malicious prosecution and a violation of the Equal Protection Clause) and two state claims (defamation and intentional infliction of emotional distress). Even assuming that Plaintiff's Complaint does raise these causes of action, Plaintiff only pleads legal conclusions and does not contain "enough facts" to state a claim for relief generally against each Defendant. Since the Plaintiff is required under R. 8(a) and 10(b) and under *Bell Atlantic* to plainly make allegations regarding his cause of action, the Court should grant Defendant's motion to dismiss.

### ii.  *Failure to State a Claim for Equal Protection Violation*

Plaintiff's complaint fails to state a claim for an equal protection violation. Under § 1983, a plaintiff alleging an equal protection violation must allege that (1) he is a member of a protected class; (2) he was similarly situated to members of the unprotected class; (3) he was treated differently from members of the unprotected class; and (4) the defendant acted with discriminatory intent. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 513 (7th Cir. 1993) (*citing McMillian v. Svetanoff*, 878 F.2d 186, 189 (7th Cir. 1989)). Here, Plaintiff fails to allege that he is a member of a protected class (or any facts from which the Court could infer that he is a member of a protected class). Likewise, he fails to allege that the defendants acted with discriminatory intent. Therefore, his equal protection claim must be dismissed. *See Davis v. Rodriguez,* 1995 WL 86748 (N.D. Ill. 1995) (holding that plaintiff had not stated a claim for a

15

violation of the Equal Protection Clause when he had not alleged that he was a member of a

protected class of persons or alleged any intentional discrimination on the part of the defendant).

### iii.  Failure to State a Claim for Malicious Prosecution

Plaintiff's complaint also fails to state a claim for malicious prosecution.  In Illinois, such

a claim must allege: (1) that a Defendant commenced or continued a judicial proceeding against

the Plaintiff; (2) the prosecution terminated in plaintiff's favor; (3) the absence of probable cause

for the proceeding; (4) the presence of malice; and (5) resulting damages.  *Allen v. Berger*, 336

Ill.App.3d 675, 677 (1st Dist. 2002).  Plaintiff's complaint, even if read liberally, fails to allege

element #3.  Moreover, to the extent Plaintiff pleads malicious prosecution under Section 1983,

such a claim must be based on personal responsibility.  *Schultz v. Baumgart*, 738 F.2d 231, 238

(7th Cir.1984).  "An individual cannot be held liable in a § 1983 action unless he caused or

participated in an alleged constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269, 273

(7th Cir.1986) (internal quotation marks omitted).[4]  Since Plaintiff fails to make these allegations

precisely against each individual Defendant, his Complaint is rendered deficient for the purposes

of 12(b)(6).  Accordingly the Court should dismiss the Complaint on those grounds.

### iv.      Plaintiff Fails to State a Claim for Defamation.

To the extent that Plaintiff's Complaint contains a claim for defamation, it

must also be dismissed for failure to state a claim.  "Generally, a defamation plaintiff fails to

satisfy the requirements of notice pleading unless he specifically states the words alleged to be

actionable." *Seaphus v. Lilly*, 691 F.Supp. 127, 134 (N.D.Ill.1988); *see also Chisholm v. Foothill

Capital Corp.*, 940 F.Supp. 1273, 1284 (N.D.Ill.1996).  "The reason a plaintiff must, under

notice pleading requirements, plead the specific words alleged to be actionable is that knowledge

---

[4] Plaintiff's failure to allege personal involvement merits the dismissal of all of his Section 1983
claims *See* Section vi. below.

of the exact language used is necessary to form responsive pleadings." *Woodard v. Am. Family Mutual Insurance Co.*, 950 F.Supp. 1382, 1388 (N.D.Ill.1997).

Here, Plaintiff fails to state a claim for defamation because he has not plead the specific words or statements on which his defamation claims is based. His complaint is also silent as to which Defendants made the allegedly defamatory statements or even when or how they were made. Rather, his Complaint only includes conclusions that defamatory statements were made. As such, Plaintiff has failed to satisfy the requirements of notice pleading and any claim for defamation must be dismissed.

> v. *Failure to State a Claim for Intentional Infliction of Emotional Distress.*

The Complaint must also be dismissed because it fails to state a claim for intentional infliction of emotional distress ("IIED"). In Illinois, to state a claim for IIED, the Plaintiff must allege (1) extreme and outrageous conduct; (2) intent or knowledge by the actor that there is at least a high probability that his or her conduct would inflict severe emotional distress and reckless disregard of that probability; and (3) severe emotional distress. *Adams v. Sussman & Hertzberg, Ltd.*, 292 Ill.App.3d 30, 38 (1st Dist. 1997).

Here, the Plaintiff fails to make any of these allegations, other than the conclusory allegation that he suffered "great pains and anguish of body and spirit." Compl. at 8. Therefore, the Court should dismiss his complaint for failure to state a claim.

> vi. *Failure to Allege Personal Involvement Under Section 1983.*

Plaintiff's Complaint fails to allege personal involvement by any of the Defendants. Individual liability under § 1983, no matter what the constitutional theory, must be based on personal responsibility. *Schultz v. Baumgart*, 738 F.2d 231, 238 (7th Cir.1984). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged

17

constitutional deprivation." *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir.1986) (internal

quotation marks omitted). The Defendants may be held individually liable if they: (1)

participated directly in the alleged constitutional deprivations; (2) acted or failed to act with

reckless disregard of Plaintiff's constitutional rights; or (3) directed the conduct that violated

Plaintiff's constitutional rights or knew of it and consented to it. *Id.* at 274; *Crowder v. Lash*, 687

F.2d 996, 1005 (7th Cir.1982).

　　　　Plaintiff's Complaint fails to allege personal responsibility on behalf of the Defendants.

For example, Plaintiff vaguely refers to "the Defendants' actions" without identifying the nature

of the action in dispute.  Compl. ¶ 18-20.  Plaintiff also directs his claims not towards any

Defendants specifically, but towards "at least one, but not all of, the Defendants."  Compl. ¶ 14-

16.  As such, Plaintiff's Complaint must be dismissed for failure to comport with the personal

involvement requirement of Section 1983.

　　　　　　　*vii.   Plaintiff's Complaint Is Time Barred by the Statute of Limitations.*

　　　　Plaintiff's Complaint should also be dismissed because it is time barred by the statute of

limitations.  In Illinois, a two-year statute of limitations applies to §1983 actions. *Kalimara v.*

*Illinois Dep't of Corrections,* 879 F.2d 276, 277 (7th Cir, 1989).  Here, Plaintiff has pleaded

himself out of court.  For example, in paragraphs 14-16 of Plaintiff's Complaint, the claims arose

in December of 2002 and April of 2004.  Therefore, these claims are barred by the two-year

statute of limitations.

　　　　While the statute of limitations is an affirmative defense under Rule 8(c), the Seventh

circuit has recognized that a 12(b)(6) motion is the appropriate vehicle for objection.  *Behavioral*

*Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 928-29 (7th Cir. 2005),

citing *Hondo, Inc. v. Sterling*, 21 F.3d 775, 777 (7th Cir.1994); *but see Leavell v. Kieffer*, 189

F.3d 492, 494-95 (7th Cir. 1999) ("When a complaint shows that the time for litigation has

passed, the Court may enter judgment on the pleadings under Fed.R.Civ.P. 12(c)").  Therefore,

the Court should dismiss those portions of Plaintiff's Complaint prior to the two-year statute of

limitations as being time-barred.

## IV.    CONCLUSION

WHEREFORE, for the foregoing reasons, the Defendants respectfully move this Court to

dismiss Plaintiff's complaint with prejudice for the reasons stated herein, and for any other relief

this Court deems just and reasonable.

Respectfully submitted,

June 2, 2008

/s/ Mark Bina
LISA MADIGAN                               MARK BINA
Attorney General of Illinois               KATHLEEN FORD
                                           ALLAN ABINOJA
                                           RONALD A. RASCIA
                                           Assistant Attorneys General
                                           100 West Randolph Street
                                           Chicago, Illinois 60601
                                           (312) 814-3000

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this brief was served upon all parties of
record this 2nd day of June, 2008 by electronic filing pursuant to Rule XI of the General Order
On Electronic Case Filing.

/s/ Mark Bina