**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| VICTOR BROOKS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 2417 |
| | ) | |
| v. | ) | The Hon. James B. Zagel |
| | ) | |
| LISA MADIGAN, Illinois Attorney General, *et al*. | ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

NOW COME Defendants, Illinois State Police Investigator MARK ROSS, Assistant Attorneys General JOSEPH PONSETTO and EDWARD C. CARTER, III, Illinois Prisoner Review Board Members JORGE L. MONTES and NORMAN A. SULA, and Illinois Prisoner Review Employee KENNETH D. TUPY, ("Defendants"), by their attorney, Lisa Madigan, Illinois Attorney General, and respectfully submit their Reply in Support of Defendants' Motion to Dismiss First Amended Complaint.

**I.  SUMMARY**

Of his 15-page Response to Defendants' Rule 12(b)(1) & (6) Motion to Dismiss ("Response"), Plaintiff Victor Brooks ("Plaintiff") devotes a *mere 3 pages* to a "Discussion" section which substantively addresses the arguments raised in Defendants' Motion to Dismiss. As discussed more fully below, these 3 pages of argument do not save Plaintiff's First Amended Complaint ("FAC") from dismissal. Moreover, in the other 13 pages of his Response, Plaintiff either (a) attempts to amend -- improperly -- his First Amended Complaint by including a "Factual Allegations" section that nowhere cites to any allegations in the FAC, or (b) merely restates and summarizes points of law relating to each of the

immunities and other grounds for dismissal raised by Defendants in their opening memorandum. Thus, because Plaintiff has insufficiently addressed – or failed to address at all -- the numerous grounds for dismissal contained in Defendants' Motion to Dismiss, Defendants' motion should be granted, and Plaintiffs FAC should be dismissed with prejudice.

## II. ARGUMENT

### A. Plaintiff Has Failed to Respond to the Vast Majority of Arguments Raised in Defendant's Motion to Dismiss and Supporting Memorandum

In general, "when presented with a motion to dismiss, the non-moving party must proffer some legal basis to support his cause of action. The federal courts will not invent legal arguments for litigants," *Stransky v. Cummins Engine C*o., 51 F.3d 1329, 1335 (7th Cir. 1995), and it is "not obligated to accept as true legal conclusions or unsupported conclusions of fact," *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

By failing to respond to the substance of the Defendants' Motion to Dismiss, Plaintiff has waived any argument against dismissal of his claims pursuant to Rules 12(b)(1) and 12(b)(6). *See Farnham v. Windle*, 918 F.2d 47, 51 (7th Cir. 1990) (plaintiff's failure to raise legal theories supporting his claim in response to motion to dismiss constituted a waiver of his claim); *Johnson v. U.S.*, 47 F.Supp. 1075, 1080 (S.D. Ind. 1999) ( "in the context of a motion to dismiss, the non-moving party cannot expect to ignore the moving party's arguments without detrimentally impacting its claim).

The Defendants raised numerous grounds for dismissal in their Memorandum of Law in Support of their Motion to Dismiss ("Op. Mem."). The Plaintiff specifically failed to respond to, and thus has waived his objection to, the following arguments:

2

- That the Court lacks subject matter jurisdiction for Plaintiff's official capacity claims (Op. Mem., at 4-5);

- That sovereign immunity bars Plaintiff's state law claims (*id.*, at 5-7);

- That the Defendants are entitled to Public Official immunity (*id.*, at 8-10);

- That the Defendants Ponsetto and Carter (together, the "AAG Defendants") and Defendant Ross are immune for their conduct before the grand Jury and at trial (*id.*, at 17-18);

- That the PRB Defendants are absolutely immune (*id.*, at 18-19);

- That Plaintiff's acquittal extinguishes his Due Process Claims (*id.*, at 19-20); and

- That the Plaintiff fails to state a claim under *Bell Atlantic*, as required by FRCP 12(b)(6) (*id.*, at 21-27).

The only issue the Plaintiff attempts to addresses in his Response is the absolute immunity that cloaks each Defendant for the state law claims. (*See* Response, at 13-14.) Even here, however, the Plaintiff addresses this issue only to the extent that he argues that prosecutors are generally not entitled to absolute immunity for purely administrative or investigatory functions.[1] (*Id.*) The Plaintiff offers no legitimate basis for disputing the well-established case law and analysis in the Defendants' motion to dismiss. Consequently, the Plaintiff has waived these arguments, and the motion should be granted and the First Amended Complaint dismissed.

### B.     Plaintiff Cannot Amend His Pleading in Response to a Motion to Dismiss

Plaintiff's response brief alleges new facts and makes new arguments contrary to those found in his First Amended Complaint. Such an attempt to amend the FAC to cure its defects on a response to a motion to dismiss is not permissible. *See Harrell v. U.S.,* 13 F.3d 232, 236 (7th

---

[1] Plaintiff's argument regarding the absolute immunity of the AAG Defendants is addressed in Section C, *supra*.

3

Cir.1993) ( "If a complaint fails to state a claim even under the liberal requirements of the federal rules, the plaintiff cannot cure the deficiency by inserting the missing allegations in a document that is not either a complaint or an amendment to a complaint" ); *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir.1989) ( "It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss" ); *Catchings v. City of Chicago*, 2005 WL 1027127, *4 (N.D. Ill. 2005) ( "It is axiomatic that a plaintiff cannot raise a new claim for the first time in his response brief.").

### C. Plaintiff's Conclusory Allegations in his Response Brief Are Insufficient to Pierce the Absolute Immunity Granted to the AAG Defendants

In the 3 pages of his brief that respond to the Defendants' Motion to Dismiss, the Plaintiff makes the conclusory allegations, again, that the AAG Defendants are not entitled to absolute immunity because they engaged in purely investigatory or administrative functions. However, the Plaintiff cites no authority contrary to the litany of cases the Defendants have already proffered. Instead, he musters nothing more than the conclusory and hollow allegation that this well-established absolute prosecutorial immunity is "lacking in merit." (Response, at 13.) The failure of a litigant to cite authority for an argument or proposition renders that argument waived. *Kramer v. Banc of Am. Sec., LLC*, 355 F.3d 961, 964 n. 1 (7th Cir.2004) ("We have repeatedly made clear that perfunctory and undeveloped arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).") (*quoting United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir.1991)).

In addition, Plaintiff's attempt to evade this absolute immunity by arguing that he actually intended to sue the Defendants in their *individual* (as opposed to their "official") capacities must also be disregarded. (Response, at 14-15.) Plaintiff alleges now that because paragraph 109 of his FAC refers to an "agency" of the named Defendants, and because he uses

4

the word "individual" on page 1 of his Complaint, that this somehow translates into an individual capacity suit only. However, the Plaintiff cannot cure the defects of his Complaint in a response brief to a motion to dismiss. *Thomason*, 888 F.2d at 1205. Therefore, the Court should grant Defendant's motion and dismiss the FAC.

### III. CONCLUSION

WHEREFORE, for the foregoing reasons, as well as the reasons set forth in Defendants' Memorandum of Law in Support of their Motion To Dismiss Plaintiff's First Amended Complaint, the Defendants respectfully move this Court to dismiss Plaintiff's First Amended Complaint with prejudice, and for any other further relief this Court deems just and reasonable.

Respectfully submitted,

October 14, 2008

LISA MADIGAN
Attorney General of Illinois

/s/ Allan V. Abinoja
RONALD RASCIA
KATHLEEN FORD
ALLAN V. ABINOJA
MARK BINA
Assistant Attorneys General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-3000

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of this brief was served upon all parties of record this 14th day of October, 2008 by electronic filing pursuant to Rule XI of the General Order On Electronic Case Filing.

/s/ Allan V. Abinoja